**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

MARCEL M. THOMAS

Plaintiff,

v. Case No. 4:26-cv-187-TKW-MJF

STATE OF FLORIDA, *et al.*,

Defendants.
_______________________________________/

## REPORT AND RECOMMENDATION

Because Plaintiff failed to comply with two court orders and failed to prosecute, the District Court should dismiss this action without prejudice.

### BACKGROUND

On April 14, 2026, Plaintiff commenced this civil action. Doc. 1. Plaintiff's complaint violated the Federal Rules of Civil Procedure and failed to state a plausible claim for relief against the named Defendants.

On June 10, 2026, the undersigned struck the complaint and ordered Plaintiff to file an amended complaint or a notice of voluntary dismissal. Doc. 9. The undersigned imposed a compliance deadline of July 10, 2026, and warned Plaintiff that the failure to comply with the order

likely would result in dismissal of this action. Plaintiff did not comply with that order.

On June 18, 2026, Plaintiff filed a "notice" titled "Amended Complaint." Doc. 10. This filing, however, was not an amended complaint.[1] Rather, Plaintiff stated that he did not have sufficient time to file an amended complaint. He also expressed his desire to proceed with his claims. *Id.* at 1, 8, 12.

On June 23, 2026, Plaintiff filed another notice with the court. Doc. 11. In this notice, Plaintiff requested that this court cease contacting Plaintiff. *Id.* at 1 ("(If) your court has no more dealings with me please (don't) contact me anymore."); *id.* at 9 ("You don't have to contact me anymore."). He also requested the return of his papers filed with this court. *Id.* at 5. Plaintiff, however, also expressed his desire to proceed with this civil action: "I am (not) dismissing my medical lawsuit." *Id.* at 1; *id.* at 9 ("I'm (not) dismissing this case . . . and someone will be contacting your courts.").

[1] Even if construed as an amended complaint, Plaintiff failed to comply with the undersigned's June 10 order and Local Rule 5.7(A) insofar as Plaintiff failed to use the court-approved complaint form.

Because it was unclear whether Plaintiff intended to proceed with this civil action, and because it appeared that there was good cause for a short extension of the compliance deadline, on July 7, 2026, the undersigned granted Plaintiff an extension of the compliance deadline. Doc. 12. The undersigned provided Plaintiff until July 23, 2026, to submit an amended complaint. The undersigned warned Plaintiff that the failure to comply with the order likely would result in dismissal of this civil action. Plaintiff did not comply with that order.

On August 6, 2026, the undersigned ordered Plaintiff to show cause for his failure to comply with the undersigned's order of June 18, 2026. Doc. 13. The undersigned imposed a compliance deadline of August 20, 2026, and again warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action. Plaintiff has not complied with that order.

## **DISCUSSION**

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any

claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 632 (1962). Plaintiff has failed to comply with two court orders and failed to prosecute. Plaintiff has offered no excuse for his failures and, consequently, has not shown good cause. Accordingly, dismissal of this civil action is appropriate.

## CONCLUSION

Because Plaintiff failed to comply with two court orders and failed to prosecute, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action without prejudice.

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 1st day of September 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to**

**these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**